[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13267
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00364-WS-C-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK BERNARD MYLES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 5, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Roderick Myles appeals his 180-month sentence, after pleading guilty to

one count of bank robbery in violation of 18 U.S.C. § 2113(a).  On appeal, Myles

argues that his sentence was substantively unreasonable.  He argues that all of his prior robberies were related and if they had all been prosecuted in the same county then the applicable guideline range would have been lower.  He argues that his criminal history points account for his prior robberies, and that a 180-month sentence is not necessary for deterrence, protection of the public, or punishment.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  In determining substantive reasonableness, we examine the totality of the circumstances, including an evaluation of whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence.  *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The district court shall impose a sentence "sufficient, but not greater than necessary to comply with the purposes" of § 3553(a)(2), which include the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford deterrence of criminal conduct, and to protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  The court shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the kinds of sentence and the sentencing range established.  18 U.S.C. §§ 3553(a)(1), (a)(4).  We will find the sentence substantively unreasonable only if left with the firm conviction that the

district court committed a clear error of judgment in weighing the § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

The 180-month sentence is substantively reasonable in light of the circumstances and the § 3553(a) factors. The application of, and consideration of, the sentence under the career offender Guidelines was not improper under U.S.S.G. § 4A1.2(a)(2), which provides that prior sentences that are not separated by an intervening arrest are counted separately unless the sentences result from offenses in the same charging instrument or the sentences were imposed on the same day. Furthermore, the district court properly gave weight to the seriousness of the offense and Myles's criminal history. 18 U.S.C. § 3553. Therefore, the district court did not abuse its discretion in imposing a 180-month sentence.

**AFFIRMED.**